# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,      )
            )
            )
v.               )      **ID No. 1407011336**
            )      **CR. A. Nos. IN14-07-2365, etc.**
            )
MARCUS ROSSER,      )
            )
        **Defendant.**    )

Submitted: June 20, 2016
Decided: August 9, 2016

## <u>ORDER DENYING MOTION TO REDUCE SENTENCE</u>

This 9th day of August, 2016, upon consideration of Defendant Marcus Rosser's Motion for Sentence Reduction and the record in this matter, it appears to the Court that:

(1)    On May 4, 2015, following a four-day trial, a Superior Court jury convicted the Defendant Marcus Rosser ("Rosser") of Assault in the First Degree, Robbery in the First Degree, Carrying a Concealed Deadly Weapon, Possession of a Firearm by a Person Prohibited ("PFPP"), and two counts of Possession of a Firearm During the Commission of a Felony ("PFDCF").[1]  On August 21, 2015, the Superior Court sentenced Rosser to a

---

[1]    DEL. CODE ANN. tit. 11, § 613 (2014) (assault in the first degree, class B felony); *id*. at § 832 (robbery in the first degree); *id*. at § 1442 (carry a concealed deadly weapon);

total period of 40 years at Level V incarceration, to be suspended after serving 18 years in prison for decreasing levels of supervision.[2]

(2) Rosser filed a direct appeal to the Delaware Supreme Court, arguing that: (a) he was unfairly prejudiced by the joinder of charges from two separate indictments into a single trial; (b) the PFPP charge should have been bifurcated; (c) one of the State's witness was not competent because he was coerced into testifying; and (d) the evidence was insufficient to support his convictions.[3] The Supreme Court found Rosser's claims lacked merit and affirmed this Court's judgment.[4]

(3) Rosser has now docketed the present motion under Superior Court Criminal Rule 35(b) requesting reduction of his three-year term for his First Degree Robbery charge to two years.[5] According to Rosser, his

---

*id.* at § 1448(e)(2)(PFPP); *id.* at § 1447A (PFDCF). *See Rosser v. State*, 2016 WL 1436604, *1 (Del. April 5, 2016) (recounting the facts of the two criminal episodes that led to Rosser's convictions).

[2] Sentencing Order, *State v. Marcus Rosser*, ID No. 1407011336 (Del. Super. Ct. Aug. 21, 2015) (D.I. 70).

[3] *Rosser*, 2016 WL 1436604 at *1.

[4] *Id.* at *1-*3.

[5] Super. Ct. Crim. R. 35(b) (providing that, under certain conditions, the court may reduce a sentence of imprisonment on an inmate's motion); *Jones v. State*, 2003 WL 21210348, at *1 (Del. May 22, 2003) ("There is no separate procedure, other than that which is provided under Superior Court Criminal Rule 35, to reduce or modify a sentence.").

incarcerative term should be reduced because it is "overly excessive and burdensome."[6] He argues that he received an extra year of imprisonment for behavior related to jury tampering, of which neither he nor any associate was convicted.[7]

(4) Rosser is correct that the State did not bring formal charges for jury tampering against him. However, while the Court was in recess for the weekend during trial, the State informed the Court of suspicious information indicating that Rosser's then-girlfriend and her mother had spoken with a juror while out-of-court.[8] In support, the State submitted two audio recordings of Rosser's phone calls.[9] During the first call, dated April 29, 2015 (the first day of trial), Rosser's girlfriend and her mother tell Rosser that they know one of the jurors from the juror's employment at Walmart.[10] Rosser implores them not to repeat this because he knows the State is recording his calls.[11]

---

[6] Def.'s Rule 35(b) Mot. 2.

[7] *Id*. at 4 ("Attachment").

[8] *See* May 4, 2015 Tr. Trans. 3-4.

[9] Rosser was detained in lieu of bail. *See* Court's Tr. Ex. 2 (audio recordings of calls between Rosser in the detention facility and his girlfriend).

[10] *Id*. ("I know one of the ladies . . . in the jury. . . ").

[11] *Id*.

(5) The second call, recorded on May 1st, occurs between Rosser and his girlfriend while she is in the same Walmart. Rosser says "since y'all at Walmart, y'all might as well, y'all feel me? I don't know if you want to go about that though."[12] In learning that the girlfriend is with and has spoken to the juror, Rosser states, "I guess y'all got it under control."[13] The girlfriend responds that the juror knows the girlfriend's mother and that "hopefully she has made her decision."[14]

(6) On Monday, May 4, 2015, prior to resuming trial, the Court conducted a *voir dire* of the juror referenced in the phone calls. The juror testified that she had spoken with both women while she was working at Walmart, but that the interaction was a mere passing of pleasantries.[15]

(7) Because her statements contradicted the audio recordings (which included recorded interaction between the juror, the girlfriend, and the girlfriend's mother), the Court dismissed the juror and conducted a *voir dire* of the entire jury panel. Finding no evidence of further interactions

---

[12]    *Id*. (all quotes are approximate due to diminished audio quality).

[13]    *Id*.

[14]    *Id*.

[15]    *See* May 4, 2015 Tr. Trans. 4-9.

with jurors, no others were dismissed. The jury ultimately convicted Rosser of all charges.

(8) At sentencing, the Court sentenced Rosser to serve 18 years Level V supervision – one year above the mandatory minimum sentence of 17 years.[16] The Court added the additional year, in part, as a result of the attempted juror tampering that occurred during trial.[17]

(9) In reviewing Rosser's motion for sentence reduction under Rule 35(b), the Court may consider the motion "without presentation, hearing or argument."[18] The Court will decide this motion on the papers filed.

(10) When considering motions for sentence reduction, this Court addresses any applicable procedural bars before turning to the merits.[19] Rosser was sentenced on August 21, 2015; his sentence reduction motion was docketed on June 20, 2016 – that is, more than nine months after the imposition of his sentence.

---

[16]    *See* Sentencing Tr. 13-14 (Aug. 21, 2015).

[17]    *Id*. at 12 (The Court explained at sentencing ". . . when someone engages in an attempt to tamper with a juror or tamper with [the Court's] procedure and what is going on here, which is here for the purposes of protecting your rights, then the Court has to react.").

[18]    Super. Ct. Crim. R. 35(b).

[19]    *State v. Redden*, 111 A.3d 602, 606 (Del. Super. Ct. 2015).

(11)   After 90 days have elapsed from sentencing, an inmate seeking to reduce a sentence of imprisonment on his own motion must demonstrate "extraordinary circumstances" for the granting of relief under Criminal Rule 35(b).[20]   This is because Rule 35(b) provides that the Court may reduce a sentence upon application outside of 90 days of the imposition of the sentence ***only*** in extraordinary circumstances[21] or pursuant to 11 *Del. C.* § 4217.[22]

(12)   In order to uphold the finality of sentencing judgments, a heavy burden is placed on the defendant to prove extraordinary circumstances when a reduction motion is filed outside of 90 days of the sentence's imposition.[23]   The term "extraordinary circumstances" is generally defined

---

[20]   *Sample v. State*, 2012 WL 193761, at *1 (Del. Jan. 23, 2012) ("Under Rule 35(b), the Superior Court only has discretion to reduce a sentence upon motion made within 90 days of the imposition of sentence, unless 'extraordinary circumstances' are shown."); *State v. Laboy*, 2003 WL 21517974, at *4-5 (Del. Super. Ct. July 1, 2003) (explaining that Rule 35(b)'s "90-day time bar" and the "'extraordinary circumstances' exception" thereto).

[21]   Super. Ct. Crim. R. 35(b) ("The court will consider an application [to reduce a sentence of imprisonment] made more than 90 days after the imposition of sentence only in extraordinary circumstances . . . .").

[22]   *Id.* ("The court will consider an application [to reduce a sentence of imprisonment] made more than 90 days after the imposition of sentence [or] only . . . pursuant to 11 Del. C. § 4217."). DEL. CODE ANN. tit. 11, § 4217 (2014) (permits the Department of Correction to apply for an offender's sentence modification); *Woods v. State*, 2003 WL 1857616, at *1 (Del. Apr. 8, 2003) (Department of Correction has sole discretion to file such a petition).

[23]   *Diaz v. State*, 2015 WL 1741768, at *2 (Del. Apr. 15, 2015); *Redden*, 111 A.3d at 607.

as "[a] highly unusual set of facts that are not commonly associated with a particular thing or event."[24] And in the Rule 35(b) context, "extraordinary circumstances" are those which "specifically justify the delay;" are "entirely beyond a petitioner's control;" and "have prevented the applicant from seeking the remedy on a timely basis."[25]

(13) Rosser fails to allege grounds that substantiate the express "extraordinary circumstances" exception to overcome Rule 35(b)'s time-bar. He essentially claims that his sentence was excessive. But he offers no explanation as to why this claim could not have been filed within the 90-day time limit established under Rule 35(b). The Court does not find any indication of an extraordinary circumstance that would permit the Court's consideration of his claims.[26]

---

[24] *Diaz*, 2015 WL 1741768 at *2 (citing Black's Law Dictionary (10th ed. 2014)).

[25] *Id.*; *State v. Remedio*, 108 A.3d 326, 332 (Del. Super. Ct. 2014).

[26] *State v. Donohue*, 2008 WL 5206779, at *3 (Del. Super. Ct. Dec. 4, 2008), *aff'd*, 972 A.2d 311 (Del. 2009) (rejecting defendant's argument that an excessive sentence qualified as an extraordinary circumstance).

(14)  Accordingly, the Court must deny Rosser's motion to reduce his sentence.[27]

**NOW, THEREFORE, IT IS ORDERED** that Marcus Rosser's Motion for Reduction of Sentence is **DENIED**.


_/s/ Paul R. Wallace_____
Paul R. Wallace, Judge

Original to Prothonotary

cc:    Sonia Augusthy, Deputy Attorney General
       Mr. Marcus Rosser, *pro se*
       Investigative Services Office

---

[27]    Besides, Rosser's claim is substantively without merit.  Under Delaware law, a sentencing judge has broad discretion to determine the appropriate sentence and may consider a broad range of information "pertaining to a defendant's . . . behavior which is not confined exclusively to conduct for which that defendant was convicted." *Lake v. State*, 1984 WL 997111, at *1 (Del. Oct. 29, 1984); *Mayes v. State*, 604 A.2d 839, 842 (Del. 1992).  *See also Jenkins v. State*, 2005 WL 2475720, *2-3 (Del. 2005).  Our supreme court has held that "[w]hen a sentence is within the statutory limits, [it] will not find error unless it is clear that the sentence was unconstitutional or was based upon factual predicates which are either false, impermissible, or lack minimum indicia of reliability." *Siple v. State*, 701 A.2d 79, 86 (Del. 1997).  Rosser's sentence was well within the statutory limits.  The Court explained its reasoning for imposing an additional year of incarceration.  And there is no evidence that the sentence was not a "logical deliberative product of an open-minded jurist" or that the Court did not carefully consider Rosser's disposition. *Id.*  In short, even if the Court could exercise the same discretion it might have when considering a timely Rule 35(b) motion, the Court's sentencing judgment would remain the same.